UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL HUNTER and CIVIL RIGHTS CENTER OF SOUTH DAKOTA,<br><br>Plaintiffs,<br><br>vs.<br><br>RAPID CITY POLICE DEPARTMENT, in both Official and Individual Basis; OFFICER BAKER and CITY OF RAPID CITY,<br><br>Defendants. | CIV. 19-5040-JLV<br><br>ORDER |

**INTRODUCTION**

Plaintiffs Michael Hunter and the Civil Rights Center of South Dakota, appearing *pro se,* filed a complaint under 42 U.S.C. § 1983 alleging defendant Baker prevented him from "soliciting for charity from citizens" on a Rapid City, South Dakota, sidewalk. (Docket 1 at pp. 1-5). Mr. Hunter also filed a motion for leave to proceed *in forma pauperis*, a motion for a temporary restraining order, an amended complaint, and a motion to amend the complaint. (Dockets 2, 3, 6, & 7). The court grants Mr. Hunter leave to proceed *in forma pauperis* and, in screening this case, dismisses the Rapid City Police Department as a defendant. The court then orders Mr. Hunter to provide a usable address before allowing service.

**I.** *In Forma Pauperis* **Status**

Section 1915(a)(1) of Title 28 of the United States Code directs the court to authorize the commencement of a civil action without prepayment of fees upon

proof of plaintiff's inability to pay. 28 U.S.C. § 1915(a)(1). Mr. Hunter filed a handwritten declaration attesting to his indigency. (Docket 2-1). The declaration is not fully legible, but the court discerns that Mr. Hunter has a negative balance on his bank account, is not employed, and owns a vehicle valued less than $500. The court finds Mr. Hunter is indigent within the meaning of § 1915(a) and grants him leave to proceed *in forma pauperis*.

## II. Complaint Screening

### A. Legal standard

Because plaintiff is proceeding *in forma pauperis*, the court must screen his complaint pursuant to 28 U.S.C. § 1915. That statute provides:

> Notwithstanding any filing fee, . . . the court shall dismiss the case at any time if the court determines that--
>
> . . .
>
> (B) the action or appeal—
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or
>
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Subsection (e)(2) allows the court to *sua sponte* review a complaint filed with an *in forma pauperis* application to determine if the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant or defendants who are immune from such relief.

2

In applying these principles, the court must construe plaintiff's *pro se* complaint liberally. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). This means "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Jackson v. Nixon, 747 F.3d 537, 544 (8th Cir. 2014) (internal quotation marks omitted). The complaint "still must allege sufficient facts to support the claims advanced." Stone, 364 F.3d at 914.

**B.   Analysis**

**1.   History of vexatious litigation**

The court first notes Mr. Hunter is no stranger to the federal courts. In 2017, the court found Mr. Hunter filed six federal suits in South Dakota and 14 in North Dakota. Hill v. Unknown Named Police Officer, CIV. 16-5108 (Docket 16 at p. 1) (D.S.D. Feb. 9, 2017).[1] Since then, Mr. Hunter filed eight additional lawsuits in South Dakota federal courts, counting the present case.[2] These suits have almost all been dismissed for failure to state a claim or for failure to serve defendants. It appears Mr. Hunter is a frequent filer of frivolous and vexatious litigation.

---

[1] The court dismissed Mr. Hunter's case in Hill for filing under an assumed name.

[2] See Hunter v. Doe, CIV. 18-5011; Hunter v. Sioux City Police Dep't. et al., CIV. 18-4119; Hunter v. Blackburn, CIV. 18-4158; Hunter v. Voyage Fed. Credit Union et al., CIV. 19-4024; Hunter et al. v. Sioux Falls Police Dep't. et al., CIV. 19-4085; Hunter et al. v. Two John Doe Unknown Named et al., CIV. 19-5038; Hunter et al. v. Unknown Named South Dakota Criminal et al., CIV. 19-4144.

The court cautions Mr. Hunter that if his pattern of filing vexatious suits continues, the court will order him to show cause why he should not be barred from filing federal lawsuits absent court permission. The court may enjoin a vexatious litigant from filing in federal court after providing notice and an opportunity to be heard to the litigant. In re Pointer, 345 F. App'x. 204, 204-05 (8th Cir. 2009).

**2.     Screening merits**

The court begins the screening process in this case by noting that Mr. Hunter may not represent the Civil Rights Center of South Dakota. A non-lawyer may not represent an association or corporation in federal court. Steele v. City of Bemidji, 257 F.3d 902, 905 (8th Cir. 2001). The Civil Rights Center of South Dakota may not appear in this case *pro se* or be represented by Mr. Hunter. The court previously warned Mr. Hunter of this rule of law. Doe, CIV. 18-5011 (Docket 9 at pp. 1-2) (D.S.D. Mar. 30. 2018). The court will allow the Civil Rights Center of South Dakota until **January 6, 2020**, to enter an appearance in this case through licensed counsel. Otherwise, the court will dismiss it as a plaintiff.

The court next dismisses the Rapid City Police Department as a defendant. Municipal police departments cannot be sued in a § 1983 action. Ketchum v. City of W. Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992). Police departments are "simply departments or subdivisions of the City government." Id. The

4

proper defendants are the City of Rapid City and the individual officer Mr. Hunter alleged caused him harm.

As for the City of Rapid City and Officer Baker,[3] the court concludes Mr. Hunter has sufficiently alleged facts that, if true, support a § 1983 claim. In his initial handwritten complaint, Mr. Hunter alleges Officer Baker forced him to stop panhandling on a public street in Rapid City. (Docket 1 at pp. 3-5). He also alleges Officer Baker stopped his panhandling activities under a City ordinance while "knowing it denied" his First Amendment rights.[4] Id. at p. 5. Finally, Mr. Hunter alleges the Rapid City Common Council enacted the ordinance banning panhandling knowing it violated the Constitution. Id. at pp. 8-9. These allegations suffice at this preliminary stage of the case to make out a § 1983 claim against a police officer and a municipality.[5] See 42 U.S.C. § 1983; Monell v. Dep't. of Soc. Servs. of City of N.Y., 436 U.S. 658, 690-91 (1978).

---

[3]Mr. Hunter alleges Officer Baker is a "city police officer" but does not give his first name or his law enforcement agency. (Docket 1 at p. 3).

[4]Mr. Hunter appears to be referring to Ordinance 6303, which banned certain types of public conduct often associated with panhandling. See Rapid City Municipal Code §§ 9.08.110, 12.12.020; see also Rapid City Municipal Ordinance 6303, available at https://www.rcgov.org/index.php?option=com_docman&view=download&alias=13201-lf021319-01-ordinance-to-repeal-section-9-08-020&category_slug=02-february-lf-3&Itemid=149 (last visited Oct. 11, 2019).

[5]The court does not consider it appropriate to *sua sponte* raise a qualified immunity defense in the *pro se* screening phase of this case.

### 3. Address

Mr. Hunter gave no address to the court other than "General Delivery." Mail sent by the Clerk of Court to Mr. Hunter was returned as undeliverable. (Docket 9). The court's local rules require all pleadings to include an "address, telephone number, and email address" for the litigant. D.S.D. Civ. LR 10.1(B). Mr. Hunter cannot proceed with this case unless he provides a usable address for receiving the court's orders and pleadings served by opposing counsel. The court notes the docket of plaintiff's latest civil action lists a Sioux Falls address. See Unknown Named South Dakota Criminal et al., CIV. 19-4144. The Clerk of Court is directed to send a copy of this order to that address.

Mr. Hunter must file with the Clerk of Court a document stating an address at which he can receive court orders and pleadings from opposing counsel by **January 6, 2020**. If he fails to do so, notice is given that the court may dismiss this case. After Mr. Hunter provides the court with a usable address, the court will enter an order permitting service of his complaint upon Officer Baker and the City of Rapid City.

### ORDER

For the reasons given above, it is

ORDERED that plaintiff Michael Hunter's motion for leave to proceed *in forma pauperis* is granted. (Docket 2). Mr. Hunter may prosecute this action to its conclusion without prepayment of costs or fees. Any recovery in this

action by Mr. Hunter shall be subject to the repayment of costs and fees, including service of process fees and the $400 filing fee.

IT IS FURTHER ORDERED that plaintiff Civil Rights Center of South Dakota shall enter an appearance in this case through licensed counsel by **January 6, 2020**. If the Civil Rights Center of South Dakota fails to do so, notice is hereby given that it shall be dismissed as a plaintiff in this case.

IT IS FURTHER ORDERED that defendant Rapid City Police Department is dismissed from this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS FURTHER ORDERED that plaintiff Michael Hunter shall file with the Clerk of Court a document stating an address at which he can receive court orders and pleadings by **January 6, 2020**. Notice is hereby given that failure to follow this order may result in dismissal of this case.

IT IS FURTHER ORDERED that the court will enter an order permitting service upon defendants after plaintiff Michael Hunter provides a usable address as ordered.

Dated November 13, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE