UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| MICHAEL HUNTER and CIVIL RIGHTS CENTER OF SOUTH DAKOTA,<br><br>        Plaintiffs,<br><br>  vs.<br><br>OFFICER BAKER and CITY OF RAPID CITY,<br><br>        Defendants. | CIV. 19-5040-JLV<br><br>ORDER |

      Plaintiffs Michael Hunter and the Civil Rights Center of South Dakota, appearing *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging defendant Baker prevented him from "soliciting for charity from citizens" on a Rapid City, South Dakota, sidewalk. (Docket 1 at pp. 1-5). The court granted Mr. Hunter leave to proceed *in forma pauperis* and concluded his First Amendment claim survived the *pro se* screening process. (Docket 10). However, the court ordered the Civil Rights Center of South Dakota to enter an appearance by licensed counsel and Mr. Hunter to provide a usable address by January 6, 2020. Id. at pp. 4-6. Neither party complied with the court's order.

      "A district court may, in its discretion, dismiss an action . . . if 'the plaintiff fails to prosecute or to comply with the Federal Rules or a court order.' " Smith v. Gold Dust Casino, 526 F.3d 402, 404 (8th Cir. 2008) (citing Fed. R. Civ. P. 41(b)). "[T]he sanction imposed by the district court must be *proportionate* to the litigant"s transgression . . . dismissal with prejudice is an extreme sanction

and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." Id. at 405 (internal quotations and citation omitted) (emphasis in original). "A plaintiff need not have acted in bad faith, but the district court must find that the plaintiff acted intentionally as opposed to accidentally or involuntarily." Arnold v. ADT Sec. Servs., Inc., 627 F.3d 716, 722 (8th Cir. 2010) (internal quotation omitted).

Here, the court mailed its order to an address provided by plaintiffs in another recent case. (Docket 10 at p. 6). The mailing was not returned to the court. In the absence of any evidence showing otherwise, the court finds plaintiffs received notice of the court's order. Nevertheless, plaintiffs made no attempt to follow the court's order. This case cannot progress without a method to contact plaintiffs. The court dismisses this action without prejudice.

Accordingly, it is

ORDERED that this case is dismissed without prejudice for failure to prosecute and failure to follow the court's order of November 13, 2019 (Docket 10), pursuant to Federal Rule of Civil Procedure 41(b).

Dated February 12, 2020.

                    BY THE COURT:

                    /s/ *Jeffrey L. Viken*
                    JEFFREY L. VIKEN
                    UNITED STATES DISTRICT JUDGE